UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MATTHEW GRAY,

    Plaintiff,
v.

CUSTOM GLAZING CONTRACTORS, LLC,
a Florida limited liability company, and
RICHARD WILLIAMS, an individual

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MATTHEW GRAY, by and through undersigned counsel, and sues Defendants, CUSTOM GLAZING CONTRACTORS, LLC and RICHARD WILLIAMS, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, MATTHEW GRAY, brings this action against Defendants to recover unpaid minimum wages and bank fees owed by Defendants to Plaintiff pursuant to Plaintiff's employment agreement with the Defendants.

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206 and 207, the Florida Minimum Wage Act, §448.110, Florida Statutes ("FMWA"), and Florida Statutes §68.065.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida.

5. At all times material hereto, CUSTOM GLAZING CONTRACTORS, LLC, was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto, CUSTOM GLAZING CONTRACTORS, LLC, had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, CUSTOM GLAZING CONTRACTORS, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. Defendant, RICHARD WILLIAMS, is an officer and/or owner of Defendant, CUSTOM GLAZING CONTRACTORS, LLC, and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

9. At all times material hereto, RICHARD WILLIAMS was Plaintiff's employer as defined by law.

10. At all times material hereto, Plaintiff was individually engaged in commerce while working for the Defendant.

11. All conditions precedent have occurred or have been waived.

12. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from the Defendant.

## COUNT I: FLSA RECOVERY OF UNPAID WAGES

13. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiff worked for Defendants from approximately April 2019 to August 21, 2019 as an installer.

15. Plaintiff's primary duties and responsibilities included installing curtain walls and store fronts.

16. The Defendants initially agreed to pay the Plaintiff $19.00 per hour and to pay earned wages on a weekly basis. Defendants also agreed to pay the Plaintiff $19.00 per hour for his travel time.

17. Plaintiff's schedule varied, working 45 to 50 hours Monday through Friday, and sometimes working weekends as well.

18. During one or more workweeks, Defendants did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

19. Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

20. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages.

21. Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: FMWA RECOVERY OF UNPAID WAGES

22. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 12 above as if fully set forth herein.

23. Plaintiff worked for Defendants from approximately April 2019 to August 21, 2019 as an installer.

24. Plaintiff's primary duties and responsibilities included installing curtain walls and store fronts.

25. The Defendants initially agreed to pay the Plaintiff $19.00 per hour and to pay earned wages on a weekly basis. Defendants also agreed to pay the Plaintiff $19.00 per hour for his travel time.

26. Plaintiff's schedule varied, working 45 to 50 hours Monday through Friday, and sometimes working weekends as well.

27. During one or more workweeks, Defendants did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the Florida Minimum Wage Act, §448.110, Florida Statutes ("FMWA").

28. Plaintiff was unlawfully denied minimum wages in violation of the FMWA, §448.110, Florida Statutes.

29. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: BREACH OF CONTRACT
### (As to Custom Glazing Contractors)

30. Plaintiffs reallege all of the matters set forth in paragraphs 1 through 12 as if fully set forth herein.

31. Plaintiff and Defendant, Custom Glazing Contractors, entered into a verbal contract, pursuant to which Plaintiff agreed to provide installing services to Defendant in exchange for compensation in the amount of $19.00 per hour.

32. Defendant, Custom Glazing Contractors, breached the contract by, *inter alia*, failing to pay Plaintiff for all hours worked.

33. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

34. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, the Plaintiff, demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: UNJUST ENRICHMENT

35. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 12 above as if fully set forth herein.

36. Plaintiff provided services to Defendants by serving as an installer.

37. By serving as an installer to Defendants, Plaintiff conferred a benefit on Defendants, and Defendants had knowledge of that benefit.

38. Defendants voluntarily accepted and retained that benefit conferred on them by Plaintiff.

39. The circumstances are such that Defendants' retention of the benefit is inequitable unless the Defendants pay to Plaintiff the value of the benefit.

40. Defendants have been unjustly enriched at the expense of the Plaintiff.

41. Plaintiff is entitled to damages as a result of Defendants' unjust enrichment.

42. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: RECOVERY OF WORTHLESS CHECK
**(As to Custom Glazing Contractors)**

43. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 12 above as if fully set forth herein.

44. On August 8, 2019, Defendant, Custom Glazing Contractor, issued check #2213 to Plaintiff in the amount of $203.13 for the work period from July 27, 2019 through August 2, 2019.

45. Plaintiff cashed the check, but on September 3, 2019, the bank returned the check due to insufficient funds, resulting in a charge to Plaintiff of $35.00.

46. Approximately 6 weeks later, the check cleared, but Plaintiff was not entitled to a refund of the $35.00 fee.

47. As a result of the Defendant's action in issuing a worthless check, Plaintiff has been damaged.

48. Plaintiff has made a demand on Defendant for payment of the bank fee in accordance with Florida statute, but to no avail.

49. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to statute.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for the bank fees, together with court costs and attorneys' fees, and such other and further relief as this Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 12th day of October, 2020

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff